STOKER, Judge.
For the reasons stated in the companion case of Hardy v. State of Louisiana, Department of Highways, 404 So.2d 981 (La.App. 3rd Cir. 1981), in which a separate opinion is being rendered this date, the judgment of the trial court in this case is affirmed in all respects except as to its holding relative to the City of Natchitoches and Hartford Accident and Indemnity Company. As to them the judgment of the trial court is reversed. The City of Natchitoches and Hartford Accident and Indemnity Company are now cast in judgment in solido with the State of Louisiana, Department of Transportation and Development, and the judgment is amended accordingly.
In this case the City of Natchitoches and its insurer, Hartford Accident and Indemnity Company make complaint as to the quantum of the award in favor of Teresa McFer-rin Parish. It is described as grossly excessive. In particular it is suggested that the trial court abused its discretion by awarding $25,000.00 in general damages although the total medical expenses were only $107.50.
The trial court awarded Mrs. Parish $267.00 in- special damages. The amount awarded for general damages was $25,-000.00. Of the amount awarded $5,000.00 was for physical injuries and $20,000.00 was for mental and emotional trauma.
At the time of the accident on June 18, 1979, Teresa McFerrin Parish was unmarried and her wedding was scheduled for the Saturday following the Monday accident. Her physical injuries included bruises to her legs and knees and a strained muscle in her left shoulder. Clumps of hair were pulled out in the accident and she received cuts and bumps on her head. She apparently hit her head on the steering wheel and lost consciousness. She was taken to the emergency room at Natchitoches Parish Hospital and was seen by Dr. Robert R. Sills. X-rays were taken. Dr. Sills testified that Mrs. Parish complained of neck and chest pain and that she was visibly shaken. Sills prescribed a muscle relaxant. Following the accident Dr. Sills did not see Mrs. Parish again until August 17. At that time she was very nervous and he prescribed Librax. Dr. Sills estimated recovery time for the injuries sustained in the accident to be six weeks to three months.
Teresa McFerrin Parish testified that she was at first unaware of her injuries and was in a daze. Later at the police station she calmed down, realized she was hurt, felt pain and was taken to the hospital. After being examined at the hospital Teresa was taken home and remained in bed until the next morning. The accident was on a Monday. Teresa was to be married Saturday. She cried all day Tuesday and was very upset about Aubrey M. Hardy’s death.
Teresa married on schedule. She was in summer school and dropped one class because she missed one week of school recuperating and could not catch up. Her muscle injury resolved itself in about a month. She testified that she cannot handle her spare time. She tries to stay busy but is now often depressed. She cries frequently and is often irritable. Prior to the accident she did not have these problems.
Lisa McFerrin, Teresa’s sister, was traveling behind her at the time of the accident. She saw the accident happen. She testified that Teresa was bruised and was very upset for a week or so.
*998 Bernice McFerrin, Teresa’s mother, testified that after the accident Teresa was crying, nervous and nearly hysterical. She was “emotionally torn to pieces.” According to Mrs. McFerrin, Teresa had bruises, scrapes, cuts, scratches, and her hair was pulled out in chunks. The bruises were on her legs, knees, shoulders, and elbow. Mrs. McFerrin feels that Teresa’s emotional state has changed; she is now nervous and short tempered. Mrs. McFerrin testified that as a parent she could see “a marked noticeable difference” in Teresa.
Teresa’s father, Norman McFerrin, testified that Teresa now has trouble keeping her composure. In contrast, before the accident she was very feisty and composed. After the incident Teresa did not want to talk about the accident, considered delaying her wedding and cried considerably.
David Parish, Teresa’s financé at the time of the accident and now her husband, testified that he dated Teresa for five years. David came upon the accident about ten minutes after it had occurred. He found Teresa bruised, shaken and in shock. She was in a daze and did not recognize him. He stayed with her from that time until he brought her home to her parents' who put her to bed. David stated that prior to the accident Teresa was very outgoing; now she is short-tempered and withdrawn. He does not like to leave her alone, but she does not like to go out. She has nightmares and crying spells two to three times a week. According to David, Teresa has changed emotionally since the accident.
While the trial court did not expatiate as to the reasons why it assessed plaintiff’s damages at $5,000.00 for physical injuries and $20,000.00 for mental and emotional trauma, the trial court was in a peculiar position to judge the particular damages in question as compared to this court on appeal. As to both physical and emotional injury the awards are on the liberal or high side. Nevertheless, we find it difficult to gauge the exact nature and extent of the injuries. With respect to the award for mental and emotional trauma, plaintiff was affected by two matters, both of which could be quite shattering to one’s emotional well-being and stability. One was Teresa's own injury which produced both physical and cosmetic injury and disability, however slight, at a time so close to her wedding day. The other matter is the fact that an individual was killed in the accident and another severely injured. Although Teresa does not consider herself responsible, and she has not been found so, who may know or judge the emotion generated by such an experience or know how long such feelings persist?
For the foregoing reasons we are of the opinion that we may not disturb the trial court’s award of damages. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979).
REVERSED IN PART AND AMENDED; AFFIRMED AS AMENDED.